Bogert v. City of Elizabeth.

The bill in this cause was filed to enforce the specific performance of a contract entered into between the defendant and complainants, for the purchase and exchange of certain real and personal estate, and for an injunction to restrain the defendant from selling, exchanging, or in any wise disposing of the property which he had agreed to transfer and convey to the complainants.

The defendant filed his answer. The complainants, alleging that the written contract, as set forth in the bill, did not express the real understanding and agreement of the parties, now move to amend their bill in this respect, so as to make the contract conform to that understanding.

*Mr. J. Wilson* and *Mr. Richey*, for the motion.

*Mr. W. D. Holt* and *Mr. Gummere*, contra.

THE VICE-CHANCELLOR.

---

BOGERT vs. THE CITY OF ELIZABETH.

1. As a general rule, equity will not interfere to restrain the collection of a tax, which is illegal or void, merely because of its illegality, but there must be some special circumstances attending the injury threatened, to bring the case within some recognized head of equity jurisdiction.

2. The jurisdiction to declare such illegal or unconstitutional character, and to annul the title sought to be derived from the sales, belongs to the

courts of law, and when recourse to those courts is omitted to be had, either through the neglect or choice of the party aggrieved, there exists no equitable element on which this court can give relief.

*Mr. I. S. Taylor* and *Mr. McCarter*, for complainant.

*Mr. Williamson*, for defendant.

THE VICE-CHANCELLOR.

This cause was argued upon bill and general demurrer. In support of the demurrer the defendant's counsel insisted that the question presented was *res adjudicata*, and relied upon the recently decided case of Dusenbury v. The City of Newark,* as substantially identical with the present one, and necessarily governing it. Upon hearing the opinion of the Chancellor in that case read by counsel at the argument, my impression was quite clear that it covered the present controversy, and further consideration has confirmed that impression. I shall, therefore, advise that the demurrer must be sustained.

In Dusenbury v. Newark, an assessment for street improvements was alleged to be illegal and void, in contravention of the complainant's constitutional rights. The city was about to execute a declaration of sale for the complainant's lands, so assessed. He had lost his remedy by certiorari, because the limited time had expired. He asked relief in equity, because at law, in an action on the declaration of sale, that instrument would be conclusive as to the legality of the proceedings on which it was founded. He sought to have the making and delivery of the instrument enjoined. On the case thus alleged the complainant's bill was dismissed. The principle was, that, as a general rule, equity will not interfere to restrain the collection of a tax, which is illegal or void, merely because of its illegality, but there must be some special circumstances attending the injury threatened, to bring the case within some recognized head of equity jurisdiction; otherwise the person

* Ante p. 295.

aggrieved will be left to his remedy at law. Reference is made in support of this ruling, to *Morris Canal and Banking Company* v. *Jersey City*, 1 *Beas.* 252, and *Liebstein* v. *Newark*, 9 *C. E. Green* 200.

I am unable to distinguish the adjudged case from the present one, so as to bring one within the jurisdiction of equity and not the other. In each, the declaration of sale sought to be prevented or set aside, is charged to be founded on an illegal and void assessment. In each, the assessment was reviewable at law for a limited time after confirmation, and in each, this review was omitted to be instituted by the party assessed, so that the legal remedy is alleged to be lost or inadequate. In the present case, the time limited for certiorari is much shorter than the time allowed in the adjudged case, and, by a recent supplement to the charter of Elizabeth, provision is made for a summary mode of ejectment, under a declaration of sale, which does not exist under the law applicable to the city of Newark. But I cannot see that either of these circumstances creates any equity sufficient to confer jurisdiction. The doctrine is, that this court will not assume to set aside titles founded on tax or assessment sales, simply because the taxes or assessments have been illegally or unconstitutionally imposed. The jurisdiction to declare such illegality, or unconstitutional character, and to annul the title sought to be derived from the sales, belongs to the courts of law, and when recourse to those courts is omitted to be made by the party aggrieved, either by his neglect or by choice, there exists no equitable element on which this court can give relief.

I will advise as above.